By the Court, Gilbert, J.
The referee has found as matter of fact, upon evidence which is conflicting, that the note in suit was taken by the plaintiffs as the note .of the firm of J. L. Bach & Co., of which they supposed the defendant Meyer was a member; that the consideration of the note was goods sold to such firm; that on the occasion when the goods were sold, Meyer and Bach stated that Meyer was to be a member of said firm in about six weeks; that they then wished to buy goods of the plaintiffs, for said new firm; that they *72 jointly purchased the goods for which the note in suit was given, for said contemplated new firm; that said partnership was not in fact formed, but that no notice of that fact was given to the plaintiffs, until after the delivery of the goods and the receipt of the note.
[First Department, General Term, at New York,
November 4, 1872
Leonard and Gilbert, Justices.]
It would be a violation of a settled rule to disturb the finding of a referee upon a question of fact, where there is so much evidence to support it as in this case. It must, therefore, be held conclusive.
The question is, whether the facts found establish a legal liability against Meyer. We think they do, for the reason that he was a party to the contract of purchase of the goods. The credit was given to the individuals who were to become members of the proposed partnership; and this was done with the express assent of Meyer. Although, therefore, the agreement was that the partnership should not commence until some time after the purchase, and the agreement was never carried out, yet the purchase itself was a quasi partnership transaction; and having been expressly sanctioned by Meyer, he is estopped from disputing his liability. (Dickinson v. Valpy, 10 B. & C. 128. Battley v. Lewis, 1 Man. & Gr. 155. Lake v. Duke of Argyll, 6 Q. B. 477. Fox v. Clifton, 6 Bing. 776. Burns v. Rowland, 40 Barb. 368.)
It was certainly competent to prove what the statement was, on the faith of which the goods were sold. The exception to this evidence is not good.
We are unable to perceive any materiality in the evidence respecting what had been done by the plaintiffs in limiting their terms of credit. But if the evidence was erroneously admitted, it could have had no effect upon the judgment. The error, therefore, was a harmless one. (The People v. Gonzalez, 35 N. Y. 59.)
The judgment should be affirmed, with costs.